J. Irwin Shapiro, J.
This is an application by the petitioner Joseph Stein, a registered member of the Democratic party in the County of Queens, State of New York, who resides in the 35th Election District of the 19th Assembly District, for an order ‘ declaring any Democratic Party call affecting the 19th Assembly District of the County of Queens, filed subsequent to April 27,1966 null and void ”, and for a further order directing that “ the election of a District Leader in the Democratic primary in the ensuing primary elections on June 28, 1966 ” should “be for the leadership area encompassed within the entire 19th Assembly District ”.
Mr. Stein states that he “ is a member of the Roekaway Independent Democratics, a political association affiliated with the Committee for Democratic Action ” and that he has received the indorsement of that organization for election as a district *398 leader in the 19th Assembly District. The applicable provisions of law require that every leadership unit within an assembly district coincide with the geographical lines of that assembly district unless it is divided into two or more leadership zones under the rules of the party designating such zones.
Section 4 of article-12 of the Rules of the Democratic Organization of Queens County provides that the division of an assembly district into leadership zones shall be made by “ all of the members of the Executive Committee from each assembly district together with the Chairman of the Executive Committee.”
The 19th Assembly District is one of many new assembly districts resulting from the re apportionment ordered and adopted by the Court of Appeals on March 22, 1966.
By reason of that reapportionment, district leaders heretofore representing a particular zone in a particular assembly district in many cases found that the territorial unit which they represented as leaders had been fragmentized so that their territorial unit was in two and sometimes more assembly districts.
In the instant Assembly District, the 19th, reapportionment has caused the same situation to exist. The four district leaders (denominated in the rules as executive members) whose territory is now encompassed in the 19th Assembly District “ together with the Chairman of the Executive Committee ” have divided that Assembly District into two leadership zones, known as Part A and Part B.
The petitioner contends that “ By reason of the reapportionment of the Assembly District, the district leaders’ jurisdiction no longer coincided with the Assembly Districts for which they were elected and in the absence of an amendment of the Party Rules their subdivision of the Assembly District into leadership zones was illegal.”
The rules adopted by the County Committee of Queens County insofar as they coincide and do not conflict with relevant statutes have the force and effect of law. It is apparent that the rules of the County Committee of the Democratic Party were not drawn in contemplation of the drastic realignments mandated by the Court of Appeals and that, therefore, their provisions do not fit with tailor-like precision into the present mold. Law, like nature, abhors a vacuum. To accept the petitioner’s contention would mean that there is presently no day-by-day organization to run the Democratic Party of Queens County, for, if the present rules of the County Committee are deemed inapplicable, there are,, in effect, no leaders or executive members pf the Executive Committee. Furthermore, the adoption of such *399 a view would mean that the very evident intention of the County Committee, the governing body of the Democratic party in Queens County, to have at least two executive zones in every assembly district, would be nullified and frustrated. In such a situation, form should not prevail over substance. If the mosaic drawn by the County Committee can be carried out within the spirit of its rules, that should be done even if the language, literally interpreted, becomes a casualty.
In the posture of this case, it is unnecessary to decide whether the executive members in question had the authority to divide the 19tli Assembly District into leadership zones, for unquestionably the County Committee could have done so, and since section 1 of article 8 of the County Committee rules provides that ‘ ‘ At all times when the Connty Committee is not actually in session, the Executive Committee of the county organization shall have, possess and exercise all the rights, privileges, powers and duties which the said County Committee may have, possess or exercise ’ ’, it is clear that the Executive Committee, because the County Committee is not actually in session, could subdivide the assembly districts into leadership zones. In this case, instead of drawing the lines itself, the Executive Committee adopted and ratified those drawn by the local district leaders in conjunction with the Chairman of the Executive Committee. The ultimate and undeniable result is that the lines, as drawn, are the creatures, if not the creations, of the entire Executive Committee. As such, unless invalid for other reasons, they constitute the boundaries of Part A and Part B for the election of district leaders in the 19th Assembly District.
The petitioner further contends that even if the leadership zone boundaries were validly promulgated, they are invalid because ‘ ‘ the party call for the position of District leader of the Democratic Party in the County of Queens and particularly for the 19th Assembly district thereof was required to be filed not later than the 27th day of April 1966.” (Election Law, § 311, subd. 6, as amd. by L. 1966, ch. 106.)
The records of the Board of Elections, which have been submitted to the court, contain a notice dated April 27, 1966 from the Democratic Organization of Queens County which according to the time stamped thereon was received by the Board of Elections on April 28, 1966 at 9:22 a.m. Whether that receipt was by mail does not appear. That notice contained ‘‘ a partial list of the Party Positions to be elected to each position in each unit of representation at the Official Primary, Democratic Party, to be held in and for the County of Queens, on the 28th day of *400 June, 1966 ’ ’, reserving ‘ the right to file an amended Party Call when necessary information for such call is supplied by the Board of Elections.”
That notice was signed by Ralph F. De Marco, as Chairman of the Democratic County Committee. It appears that at that time the Board of Elections did not have, or at least had not yet made publicly available, the election districts constituting the 19th Assembly District.
Under the circumstances and considering the complexity of the problems created by the reapportionment and • the short interval of time within which to adjust to the problems created thereby, I hold that the notice filed with the Board of Elections and the reservation compelled by the necessity to await “ information for such call [to be] supplied by the Board of Elections ” was timely and constituted a proper filing of the party call as required by subdivision 2 of section 18 of the Election Law.
While the Board of Elections cannot, of course, change the law, it should be noted that from time to time party calls have been filed beyond the date specified in the statute and have been accepted as properly filed by the Board of Elections. The board has thus interpreted the time limitation as directory and not mandatory.
Petitioner’s final contention is that there has been a violation of ‘ ‘ section 4 of article 12 of the Rules of the Democratic Organization of the County of Queens that if the Assembly district be divided into two portions the boundary shall be single, continuous and as straight a line as possible.” He contends that the election district in which he resides, the 35th Election District, ‘ ‘ will be excluded from the other election districts to which it is naturally aligned in an arbitrary ‘ gerrymandered ’ excision from its natural geographical and contiguous juxtaposition in the Assembly district” and he will thus be prevented “ from running for the position of District Leader.” There is no valid basis for this allegation of gerrymandering. The 19th Assembly District, as laid out by the Court of Appeals, is divided into two land areas, the north and south of which are divided by Jamaica Bay. At the east end, Nassau County comes between the Roclcaway peninsula portion of the Assembly District and the mainland and, in addition, the Kennedy Airport is at the northwest end of the district.
In view of the geographical boundaries of the Assembly District, as laid out by the Court of Appeals, the mandate of subdivisions 1, 2 and 3 of article 12 of the County Committee rules that when an assembly district is divided for leadership pur *401 poses “ the boundary line shall be single, continuous and as straight as possible” and “as far as may be practicable” shall “ contain an equal number of election districts ”, becomes difficult of exact application. It is apparent that in order to divide this assembly district into equal units so far as that can practicably be done, the part of the mainland designated as Part A had to have added to it some election districts from the Rockaway peninsula. Thus, 7 contiguous election districts from the Rockaways were added to the mainland zone so that Part A has 38 election districts, and the remainder, Part B, has 46 election districts.
The real basis of the petitioner’s complaint seems to be that the election district in which he resides is included in Part A instead of Part B. However, districts cannot be required to be laid out to suit the individual desires of particular candidates. The petitioner Stein is in no worse position than many public officials who find that realignment of their districts has caused their residence to be outside of the district from which they were elected. That is one of the penalties — and benefits — of the democratic process.
The application is in all respects denied and the petition is dismissed, but without costs.